# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| SIR HOLLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV624-075 |
| CORE CIVIC, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* prisoner Sir Holley has filed a 42 U.S.C. § 1983 case concerning the conditions of his confinement. *See* doc. 1 at 5. He has also moved to proceed *in forma pauperis*. Doc. 2. Because he lacks the funds necessary to pay the required filing fee, that Motion is **GRANTED**. Doc. 2. Ordinarily, the Court would require him to affirm his consent to collection of the filing fee from his prison trust account and submit a certification of the deposits to and balance in that account for the six months preceding the filing of the Complaint. However, because, as discussed below, Holley has lied to the Court by misrepresenting his litigation history, his Complaint should be **DISMISSED** as malicious. Doc. 1.

1

In the sections of the form § 1983 complaint that solicit information about prior litigation, Holley has affirmatively stated that he has not filed any prior lawsuits. *See* doc. 1 at 1-2. However, a review of this Court's records reveals that Holley has filed a prior action in this Court that makes virtually identical allegations to the instant Complaint. *Compare* doc. 1 at 5, *with Holley v. Core Civic*, CV624-059, doc. 1 at 5 (S.D. Ga. Oct. 21, 2024).[1] Holley signed the instant Complaint under penalty of perjury. Doc. 1 at 6.

Holley's misrepresentation of his litigation history merits dismissal. *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner failed to accurately disclose previous litigation). Dismissal as a sanction for selective disclosure, much less wholesale misrepresentation, is well established in this District. *See, e.g., Brown v. Wright*, CV111-044, doc. 12 (S.D. Ga.

---

[1] The timing of Holley's filing of this case is also suspicious. In his previously filed case, Holley failed to comply with the Court's Order to return certain forms required to proceed *in forma pauperis* and the Court recommended that his Complaint be dismissed. *See* CV624-059, doc. 5. Holley filed an Objection, that remains pending with the District Judge, asserting, contrary to the docket, that "[a]ll [his] paperwork was filed in a timely manner." CV624-059, doc. 6 at 1. That undated Objection is postmarked the same day as the instant Complaint. *Compare* CV624-059, doc. 6 at 2 (postmarked Dec. 10, 2024), *with* doc. 1 at 10 (same). Holley's filing of the instant, virtually identical complaint, therefore, may be an attempt to avoid the consequences of his failure to comply with the Court's orders in his prior case.

June 17, 2011); *Hood v. Tompkins*, CV605-094, doc. 8 (S.D. Ga. Oct. 31, 2005), *aff'd,* 197 F. App'x 818 (11th Cir. 2006).  Given Holley's clear misrepresentation of his litigation history, under penalty of perjury, his Complaint should be **DISMISSED** as malicious.  *See, e.g., Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." (citation omitted)).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 17th day of December, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA